**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE LAWRENCE,

      Plaintiff/Counter-Defendant - Appellant,

v.

PATRICIA MAHER,

      Defendant/Counter-Claimant - Appellee.

No. 02-8098
(D.C. No. 01-CV-67-D)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

George Lawrence appeals *pro se* the district court's denial of his motion for

reconsideration of an order which dismissed his diversity tort action for failure to

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prosecute and failure to comply with court orders and rules. We deny Mr.

Lawrence's motion to proceed *in forma pauperis* and dismiss his appeal.

The district court was technically correct that the Federal Rules of Civil

Procedure do not countenance "motions for reconsideration" as such. *See*

*VanSkiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nor does the

district of Wyoming provide for such a motion in its local rules. We have held

that the district court may deal with such a motion in one of two ways: if the

motion is filed within ten days of the district court's entry of judgment, it is

treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e); if

the motion is filed more than ten days after the entry of judgment, it is treated as

one seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Id.* Mr.

Lawrence filed his motion for reconsideration five months after the district court

entered its order granting defendant's motion to dismiss. The motion is therefore

properly treated as made pursuant to Rule 60(b).

The district court in this case looked instead to the standards used in those

districts that do contemplate a "motion for reconsideration" and found they

viewed such motions as an opportunity for the court to "(1) [c]orrect clear error or

prevent manifest injustice; (2) review newly discovered evidence; or (3) review a

prior decision in light of a recent change in the law." Rec., doc. 34 at 2 (citing

*Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)). Using this approach, the

district court denied Mr. Lawrence's motion because he did not attempt to produce any newly discovered evidence, and did not demonstrate that the court had misapprehended the parties' positions, the facts, or the applicable law. *Id.*

Although the district court should have treated the motion as one filed pursuant to Rule 60(b), that standard is not significantly different than the one applied by the district court. Rule 60(b) provides for relief from a judgment or order for reasons such as mistake, inadvertent error, newly discovered evidence, fraud, void judgments, or any other reason justifying relief. Ordinarily we review the denial of a 60(b) motion for abuse of discretion. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Here, however, we must first decide whether to grant Mr. Lawrence's motion to file this appeal without prepayment of fees.

In order to be granted leave to proceed *in forma pauperis*, Mr. Lawrence must show the existence of a reasoned, nonfrivolous argument on the law and the facts in support of reversing the district court's dismissal of his action. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). For substantially the reasons set forth by the district court, we determine Mr. Lawrence has not done so. Mr. Lawrence raised no argument, either in his motion before the district court or in his briefs on appeal, to explain why the district court erred in dismissing his original complaint for failure to prosecute and for failure to

-3-

comply with court rules and orders. Mr Lawrence argues only that he was late in moving for reconsideration due to missed communications from the clerk's office regarding the disposition of his case. He does not allege mistakes, errors, existence of newly discovered evidence, or changes in the law that might bear on the order for which he sought reconsideration. Because he has failed to raise any argument on this matter, we determine his appeal to be entirely without merit and deny him *in forma pauperis* status.

Because we determine Mr. Lawrence's appeal to be frivolous, we **DENY** him *in forma pauperis* status, and **DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge